UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD CLEMONS,

        Petitioner,

vs.

CIVIL ACTION NO. 06-CV-13230
HONORABLE NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

PATRICIA CARUSO, et. al.,

        Defendants,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. Introduction

This matter is before the court on plaintiff's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff has requested that he be permitted to proceed *in forma pauperis* in this case. *See* 28 U.S.C. § 1915(a)(1) (1996). For the reasons stated below, the court will deny plaintiff leave to proceed *in forma pauperis* in this case pursuant to 28 U.S.C. § 1915(g).

### II. Complaint

Plaintiff acknowledges in his complaint that he has at least three prior civil actions which have been dismissed for being frivolous, malicious, or for failing to state a claim upon which relief can be granted. These cases are *Clemons v. Wiese,* No. 99-CV-00141 (W.D.Mich., March 10, 2000)*, Clemons v. Michigan Dep't of Corrections,et. al.* 98-CV-00052 (W.D. Mich. July 31, 1998); *Clemons v.*

1

*Frassetto, et. al.* 98-CV-00289 (W.D. Mich. February 20, 1997). Subsequent to the dismissal of these lawsuits, plaintiff was denied *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g) because of these three prior dismissals. *See Clemons v. Young,* 240 F. Supp. 2d 639 (E.D. Mich. 2003).

Plaintiff contends that he should be permitted to proceed *in forma pauperis,* because the allegations in his complaint fall within the "imminent danger" exception to § 1915(g).

### III.  Discussion

Under the Prison Litigation Reform Act of 1995 ("PLRA"), a federal district court may dismiss an incarcerated plaintiff's civil case if, on 3 or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See*, 28 U.S.C.§ 1915(g) (1996); *See also Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997). The three strikes provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See McFadden v. Parpan*, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998). A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke v. Hiller,* 966 F. Supp. at 539.

In the present case, plaintiff has failed to show that he comes within the

"imminent danger" exception to section 1915(g).  Plaintiff claims that the defendants have unlawfully extended his criminal sentence on his criminal conviction.  This Court notes that petitioner recently attempted to raise a similar claim in a petition for writ of habeas corpus, but that petition was dismissed without prejudice on the ground that petitioner had failed to exhaust his state court remedies. *See Cameron v. Birkett,* 2006 WL 1007639 (E.D.Mich. April 18, 2006)(Battani, J.); *reconsideration den.* May 3, 2006.

To meet the imminent danger requirement of the PLRA's three strikes provision, the threat or prison condition "must be real and proximate." *See Ciarpaglini v. Saini,* 352 F. 3d 328, 330 (7th Cir. 2003).  Courts are permitted to deny a prisoner leave to proceed *in forma pauperis* when his claims of imminent danger are "conclusory or ridiculous." *Id.* at p. 331.  A district court may discredit factual claims of imminent danger that are "'clearly baseless'; i.e., allegations that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible.'" *See Gibbs v. Cross*, 160 F. 3d 962, 967 (3rd Cir. 1998).

In the present case, plaintiff fails to allege that he is in imminent danger of serious physical injury.  Plaintiff's claim that his sentence has been unlawfully extended fails to satisfy the imminent danger exception to the three strikes rule. *See e.g. Jones v. White,* No. 2006 WL 1050078, * 1 (M.D. Ala. April 20, 2006).

Because plaintiff has not alleged any facts which would establish that he is in imminent danger of serious physical injury, he does not fit within the exception

3

to the statutory mandate that prohibits him from proceeding *in forma pauperis* in light of his prior frivolity dismissals. *Mulazim v. Michigan Dept. of Corrections,* 28 Fed. Appx. 470, 472 (6th Cir. 2002). Plaintiff shall remain liable for the $ 350.00 filing fee. *In Re Alea,* 286 F. 3d 378, 381 (6th Cir. 2002). Since plaintiff has had three prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, 1915(g) bars him from appealing *in forma pauperis. See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999). The Court therefore refuses to certify that any appeal from this dismissal would be in good faith.

### III.  ORDER

**IT IS THEREFORE HEREBY ORDERED that Plaintiff Richard Clemons'** *in forma pauperis* **status is DENIED pursuant to 28 U.S.C. § 1915(g).**

**IT IS FURTHER ORDERED AND CERTIFIED** that any appeal taken by Plaintiff would not be done in good faith.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  August 4, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 4, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

4