UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD CLEMONS,
       Petitioner,

vs.

CIVIL ACTION NO. 06-CV-13230
HONORABLE NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

PATRICIA CARUSO, et. al.,

       Defendants,
_____/

## OPINION AND ORDER DENYING THE MOTION FOR RELIEF FROM JUDGMENT

On August 4, 2006, this Court denied plaintiff leave to proceed *in forma pauperis* in this case pursuant to 28 U.S.C. § 1915(g), because plaintiff had at least three prior civil actions which had been dismissed for being frivolous, malicious, or failing to state a claim upon which relief can be granted. Plaintiff has now filed a motion for relief from judgment. For the reasons stated below, the motion for relief from judgment is **DENIED.**

Under Fed. R. Civ. P. 60(b), a motion for relief from judgment can be granted for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment

should have prospective application; or,
(6) any other reason justifying relief from the operation of the judgment.

The party that seeks to invoke Rule 60(b) bears the burden of establishing that its prerequisites are satisfied. *See Jinks v. AlliedSignal, Inc.,* 250 F. 3d 381, 385 (6th Cir. 2001). A Rule 60(b) motion is properly denied where the movant attempts to use the motion to relitigate the merits of a claim and the allegations are unsubstantiated. *See Miles v. Straub,* 90 Fed. Appx. 456, 458 (6th Cir. 2004). A movant under Rule 60(b) likewise fails to demonstrate entitlement to relief when he or she simply rephrases the prior allegations that were contained in the original complaint. *See Johnson v. Unknown Dellatifa*, 357 F. 3d 539, 543 (6th Cir. 2004).

In the present case, Plaintiff's motion does not entitle him to relief, because for the most part, he reiterates the allegations that he made in his original complaint. *See Johnson,* 357 F. 3d at 543. To the extent that plaintiff is merely attempting to relitigate an issue that was already decided against him adversely by this Court, the motion is denied.

Petitioner further claims that this Court lacked venue over this case, because he is incarcerated in the Northern Division of the Eastern District of Michigan. 28 U.S.C. § 102 only creates the Eastern and Western Districts of Michigan and the divisions within them and then indicates where court can be held. This provision, however, is not a venue provision. *See In Re Stolicker Dairy*

*Farms,* 67 B.R. 459, 460 (Bankr. E.D. Mich. 1986). Venue was therefore proper before this Court.

## ORDER

**IT IS THEREFORE HEREBY ORDERED that** the motion for relief from judgment **is DENIED**.


            s/Nancy G. Edmunds
            Nancy G. Edmunds
            United States District Judge

Dated:  August 28, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 28, 2006, by electronic and/or ordinary mail.

            s/Carol A. Hemeyer
            Case Manager
: